IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SENEITRA HALL, | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:24-cv-00597-RAK |
| v. | ) |
| | ) |
| CAPITAL ONE USA, N.A., | ) |
| Defendant. | ) |

**DEFENDANT CAPITAL ONE, N.A.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Capital One, N.A., as successor by merger to Capital One Bank (USA), N.A., incorrectly named as "Capital One USA, N.A." ("Capital One"), by counsel, respectfully answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. This is a civil action for actual, statutory damages and cost brought by Seneitra Hall, ("Plaintiff") an individual consumer, against defendant, Capital One USA, NA. ("Capital One") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

**ANSWER**: Capital One denies the allegations in this paragraph.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. 1681p and 28 U.S.C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391 (b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant Capital One USA, NA transact business in Kansas City, MO.

**ANSWER**: Capital One admits this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. Capital One admits that, based on the allegations of the Complaint, venue is proper in this District. Capital One denies the remaining allegations in this paragraph.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

**ANSWER**: Capital One denies the allegations in this paragraph.

## PARTIES

4. Plaintiff, Seneitra Hall is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing Kansas City, Missouri.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

5. Upon information and belief, Defendant Capital One is a "person" defined by 15 U.S.C. § 1681a(b).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

6. Capital One USA, NA is a foreign company doing business at all relevant times in the State of Missouri that may be served with process by serving its corporate address for service of process at 1680 Capital One Drive, Mclean, VA 22102-3407 which service is hereby requested.

**ANSWER**: Capital One admits it is a national banking association with its principal place of business located at 1680 Capital One Drive, McLean, VA, and that it does business in the State of Missouri. Capital One denies the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

7. On around January 21, 2024, the plaintiff checked her credit reports and observed inaccurate and incomplete information for Capital One accounts, 415417773196xxxxxx, and 517805871493xxxxxxxxxx reporting on her Experian, Transunion and Equifax consumer reports.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

8. Plaintiff made disputes for inaccurate/incomplete payment history/balance history, last payments, incomplete high credit, scheduled payment amounts, and actual payment amounts made for the accounts mentioned above thorough the consumer reporting agency Experian, Equifax and Transunion. See Exhibit A, B and C

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

9. Experian, Transunion and Equifax then forwarded the disputes and all relevant information to Defendant Capital One.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

### Equifax Reinvestigation Results

10. The results came back verified on 5/1/2024 Equifax report#4115582384 and the information remains blatantly inaccurate and incomplete. See Exhibit C

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

### Experian Reinvestigation Results

11. The results came back verified on 8/16/2024 report# 4060-2168-53 for account 517805xxxxxxxxxx and on 8/14/2024 for account# 415417xxxxxxxxxx report#2047-4217-27. The information remains blatantly inaccurate and incomplete. See Exhibit A

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

### Transunion Reinvestigation Results

12. The results came back verified on 8/16/2024 report# 4060-2168-53 for account 517805xxxxxxxxxx and on 8/14/2024 for account# 415417xxxxxxxxxx report#2047-4217-27. The information remains blatantly inaccurate and incomplete. See Exhibit B.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

13. Upon information and belief, Capital One did not conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from the Plaintiff through the consumer reporting agency Experian, TransUnion and Equifax.

**ANSWER**: Capital One denies the allegations in this paragraph.

14. Capital One verified inaccurate and incomplete information as being correct with the Consumer reporting agencies Experian, Transunion and Equifax without conducting no investigation because disputed items remained blatantly inaccurate and incomplete.

**ANSWER**: Capital One denies the allegations in this paragraph.

15. Capital One actions were willful because Plaintiff has disputed the same account information through other Consumer reporting agencies multiple times and Capital One has repeatedly continued to fail to correctly modify, block or delete the accounts mentioned as required under the Fair Credit Reporting Act.

**ANSWER**: Capital One denies the allegations in this paragraph.

### Plaintiffs' Actual damages as a result of Capital One NA Actions

16. As a result, Plaintiffs creditworthiness is negatively impacted because the credit reporting from Capital One is materially misleading and is being interpreted incorrectly.

**ANSWER**: Capital One denies the allegations in this paragraph.

17. The inaccurate, incomplete, misleading reporting from Capital One has forced the Plaintiff to deal with emotional distress, fear, sleeplessness, anxiety, and loss of time.

**ANSWER**: Capital One denies the allegations in this paragraph.

18. Plaintiff's credit report was disseminated multiple times, resulting in Plaintiff being denied credit.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

# COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C § 1681s-2(b)(1)(A) DEFENDANT CAPITAL ONE

19. All preceding paragraphs are realleged.

**ANSWER**: Capital One incorporates its answers to the above allegations as though fully set forth herein.

20. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

21. Furnishers must conduct an investigation with respect to the disputed information pursuant to 15 U.S.C § 1681s-2(b)(1)(A).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

22. Capital One repeatedly has failed to conduct an investigation of the Plaintiffs disputes. Capital One knew or should have known that they were furnishing incomplete, inaccurate, Payment/balance history information because they received various disputes bringing attention to this inaccurate and incomplete information.

**ANSWER**: Capital One denies the allegations in this paragraph.

23. After conducting no investigation or failing to conduct a reasonable investigation, Capital Ones actions violated 15 U.S.C § 1681s-2(b)(1)(A) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Capital Ones negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

**ANSWER**: Capital One denies the allegations in this paragraph.

# COUNT II VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C § 1681s-2(b)(1)(B) DEFENDANT CAPITAL ONE

24. All preceding paragraphs are realleged.

**ANSWER**: Capital One incorporates its answers to the above allegations as though fully set forth herein.

25. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

26. Furnishers must review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

27. Capital One has failed to review all relevant information provided by the consumer reporting agency resulting in continued inaccurate and incomplete reporting to the plaintiff's consumer report.

**ANSWER**: Capital One denies the allegations in this paragraph.

28. Capital One's actions violated 15 U.S.C § 1681s-2(b)(1)(B) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Capital Ones negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

**ANSWER**: Capital One denies the allegations in this paragraph.

# COUNT III VIOLATION OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C § 1681s-2(b)(1)(C) DEFENDANT CAPITAL ONE

29. All preceding paragraphs are realleged.

**ANSWER**: Capital One incorporates its answers to the above allegations as though fully set forth herein.

30. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

31. Furnishers must report the results of the investigation to the consumer reporting agency pursuant to 15 U.S.C § 1681s- 2(b)(1)(C).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

32. Capital One has failed to report results to the consumer reporting agency because inaccurate and incomplete items disputed by the Plaintiff remain unchanged. Capital One continues to report misleading dispute statuses of "account previously in dispute-investigation complete."

**ANSWER**: Capital One denies the allegations in this paragraph.

33. Capital One either conducted no investigation or an unreasonable investigation because disputed items remain inaccurate and incomplete therefore would be unable to report results of an investigation they did not conduct or complete to the consumer reporting agencies.

**ANSWER**: Capital One denies the allegations in this paragraph.

34. Capital Ones actions violated 15 U.S.C § 1681s-2(b)(1)(C) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n.

Capital Ones negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

**ANSWER**: Capital One denies the allegations in this paragraph.

### COUNT IV VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C § 1681s-2(b)(1)(D) DEFENDANT CAPITAL ONE

35. All preceding paragraphs are realleged.

**ANSWER**: Capital One incorporates its answers to the above allegations as though fully set forth herein.

36. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

37. Furnishers must report results of an investigation to all Consumer reporting agencies to which they furnished the information and that compile and maintain files on the Plaintiff on a nationwide basis if the investigation finds the information is incomplete or inaccurate pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

38. Capital One failed to conduct an investigation or a reasonable investigation therefore did not report the results of inaccurate and incomplete information it furnished to all consumer reporting agencies pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

**ANSWER**: Capital One denies the allegations in this paragraph.

39. Capital Ones actions violated 15 U.S.C § 1681s-2(b)(1)(D) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Capital Ones negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

**ANSWER**: Capital One denies the allegations in this paragraph.

**COUNT V VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C § 1681s-2(b)(1)(E) DEFENDANT CAPITAL ONE**

40. All preceding paragraphs are realleged.

**ANSWER**: Capital One incorporates its answers to the above allegations as though fully set forth herein.

41. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

42. Pursuant to 15 U.S.C § 1681s-2(b)(1)(E), if an item of information disputed by a consumer is found to be inaccurate, incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify the information, delete the information, or permanently block the reporting of that item of information.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Insofar as an answer is required, Capital One denies these allegations to the extent they are inconsistent with applicable law.

43. Capital One failed to conduct an investigation or conducted an unreasonable investigation resulting in Capital Ones verification of inaccurate and incomplete disputed items on the Plaintiffs consumer report.

**ANSWER**: Capital One denies the allegations in this paragraph.

44. Capital One willful actions resulted in the failure to either correctly modify the items of information disputed, delete disputes items, or permanently block the reporting of the items of information disputed.

**ANSWER**: Capital One denies the allegations in this paragraph.

45. Capital Ones actions violated 15 U.S.C § 1681s-2(b)(1)(E) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Capital Ones negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

**ANSWER**: Capital One denies the allegations in this paragraph.

WHEREFORE, Defendant Capital One, N.A., respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter judgment in Capital One's favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any other further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant Capital One, N.A. ("Capital One"), by counsel, states as its Affirmative Defenses to Plaintiff's Complaint, as follows:

### First Affirmative Defense

In the event Capital One is deemed liable, which Capital One expressly denies, Capital One is entitled under the doctrine of setoff and/or recoupment to offset any and all amounts that Plaintiff owes to Capital One against any judgment that may be entered against Capital One.

### Second Affirmative Defense

To the extent Plaintiff suffered and is claiming any actual damages, which Capital One denies, Plaintiff's claims are subject to the defense of failure to mitigate.

### Third Affirmative Defense

To the extent that Plaintiff suffered and is claiming any actual damages, which Capital One denies, such damages were not directly or proximately caused by Capital One,

but rather by intervening or superseding causes, or by the acts or omissions of another person, entity, or Plaintiff herself, for who or for which Capital One is not responsible.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### **Fifth Affirmative Defense**

Capital One complied with the FCRA and is entitled to each and every defense stated in the Act, including any and all limitations of liability.

### **Sixth Affirmative Defense**

The information Capital One furnished concerning Plaintiff was and is accurate, or alternatively, Capital One had reasonable cause to believe that the information was and is accurate; therefore, Plaintiff cannot state a claim for the alleged violation of the FCRA.

### **Seventh Affirmative Defense**

Capital One conducted reasonable investigations with respect to Plaintiff's credit disputes; therefore, Plaintiff cannot state a claim for the alleged violation of the FCRA.

### **Eighth Affirmative Defense**

Any act or omission by Capital One was not done with any malice, intent, willfulness, or knowledge necessary to support an award of punitive damages against Capital One.

### **Ninth Affirmative Defense**

Any award of punitive damages against Capital One would violate Capital One's constitutional rights under the United States Constitution, including the Due Process Clauses of the Fifth and Fourteenth Amendments.

WHEREFORE, Defendant Capital One, N.A., respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter judgment in Capital

One's favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any other further relief that this Court deems just and proper.

    Respectfully submitted,

    CAPITAL ONE, N.A.

    By: /s/ Tyler J. Hamilton
         One of its attorneys

Tyler J. Hamilton (MO Bar No.: 72830)
PILGRIM CHRISTAKIS LLP
One South Dearborn Street, Suite 1420
Chicago, Illinois 60603
Ph.: (312) 280-0442
Fax: (312) 939-0983
thamilton@pilgrimchristakis.com

## CERTIFICATE OF SERVICE

    Tyler J. Hamilton, an attorney, certifies that on November 5, 2024, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and sent the same via U.S. Mail, which proper postage paid, to the following:

    Seneitra Hall
    4400 Cypress Ave.
    Kansas City, MO 64130

    /s/ Tyler J. Hamilton